431 P.2d 992

**B. J. ANDERSON, Plaintiff and Appellant,**

**v.**

**Eunice SHUMWAY, Defendant and Respondent.**

No. 10794.

Supreme Court of Utah.

Sept. 22, 1967.

9. 16 Utah 2d 81, 84, 395 P.2d 918, 920 (1964).

**402**

On a late afternoon plaintiff Anderson was going home from work, and so was defendant Shumway,—in opposite directions. According to the testimony, Anderson was rounding a blind, 90-degree curve which pitched downward at about a 20-degree grade and Shumway was going upward. The weather was inclement, and at the time of the accident, everyone conceded that it was dark, and that there was rain, sleet and snow contributing to very poor visibility,—in which atmosphere Shumway had her lights on, and Anderson didn't. The latter said when he entered the downhill curve, he saw Shumway coming up the hill about 200 feet away, and that he pulled over to the right, hugging the mountain bank alongside the road. Shumway said she did the same thing only to drive her car partly on the shoulder of the road. She said she did not see the Anderson car until the impact. Her car was damaged on the fender behind the headlight, and Anderson's headlight was broken and his front fender damaged.

Howard & Lewis, Jackson B. Howard, Provo, for appellant.

Edward M. Garrett, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment on a verdict of no cause of action in an auto accident case. Affirmed with costs to Shumway.

But, says Anderson, the investigating officer, because of some mud droppings attributable to one or both of the two cars, the precise source of which he could not tell, believed the collision took place 13 feet from one edge of the asphalt 21-foot road, which Anderson helped him measure. Anderson's appeal appears largely to depend on such an opinion, and he assigns error on the part of the trial court in not finding that as a mat-

ter of law the case should have been taken from the jury and that Shumway should have been held liable as a matter of law. Also that instructions as to negligence and contributory negligence never should have been given to the jury.

Looking at the record most favorably to the jury's verdict, we are of the opinion that there was sufficient evidence of such a controversial nature as to precipitate a fact question referable to a jury.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.